UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYLVIA EMBIABATA, | ) |
| | ) |
| Plaintiff, | ) No. 3:17-cv-00384 |
| | ) JUDGE CRENSHAW |
| v. | ) |
| | ) |
| FARMERS INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Sylvia Emiabata, proceeding *pro se*, is a resident of Pflugersville, Texas. She has filed a federal complaint against Farmers Insurance, alleging breach of contract and tort claims arising out of the manner in which Farmers Insurance allegedly handled the Plaintiff's insurance claim after an automobile accident in Dickson, Tennessee. (Doc. No. 1). The Plaintiff also has filed an application to proceed *in forma pauperis* (Doc. No. 2).

It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the civil filing fee. Accordingly, the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Because the Plaintiff is proceeding *in forma pauperis* in this case, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under Section 1332 only if there is "complete diversity

1

between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005) (citations omitted). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The complaint alleges that the Plaintiff is a resident of Texas. (Doc. No. 1 at p. 1). The complaint only alleges that Defendant Farmers Insurance "is an insurance company . . . that . . . renders services within all the 48 States including Tennessee." (*Id.*) The complaint does not identify the Defendant's state of incorporation or principal place of business.

On the present record, then, the Court cannot rule out the possibility that the Plaintiff and Defendant are citizens of the same state, and the Court cannot simply assume that they are not. See Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2 (W.D. Mich. July 1, 2008)(citing Tsesmelys v. Dublin Truck Leasing Corp., 78 F.R.D. 181, 182 (E.D. Tenn. 1976)("[A]llegations of the citizenship of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.")).

The Court finds that the Plaintiff has not carried her burden of establishing the existence of federal jurisdiction, and the case must be dismissed until and unless she corrects that defect. See Ellis, 2008 WL 2696891, at *3 (dismissing case without prejudice for lack of subject matter jurisdiction where plaintiff asserted only that "there is a complete diversity of citizenship" and failed to allege specific facts supporting his assertion); Cooper v. Cianfrocca, No. 01 CIV.4749 (LAK), 2001 WL 640808 (S.D. N.Y. June 7, 2001)(dismissing complaint *sua sponte* for failure to allege facts sufficient to establish subject matter jurisdiction and permitting plaintiff to file an amended complaint sufficiently alleging jurisdiction); Royal Ins. Co. of America v. Caleb V. Smith & Sons,

2

Inc., 929 F. Supp. 606, 608 (D. Conn. 1996)("Allegations of complete diversity must be apparent from the pleadings.")(citing Fed. R. Civ. P. 8(a)(1)).

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE